[Civ. No. 3302.  Second Appellate District, Division One.—December 2, 1920.]

## J. ROSEN, Respondent, v. JOHN B. DAWSON et al., Appellants.

[1] CONTRACTS — CONSTRUCTION AND INSTALLATION OF WINDOWS AND METAL SASH — SUBSTANTIAL COMPLIANCE — FINDING — APPEAL ON JUDGMENT-ROLL—PRESUMPTION.—On an appeal, on the judgment-roll alone, from a judgment in favor of the plaintiff in an action to recover the value of materials used and a profit which would have accrued to plaintiff had he been permitted to complete performance under a contract made with defendants, wherein the trial court found, "That said windows in part were larger in size than provided in said contract; . . . that said labor and material furnished and said windows and casements were and are workmanlike and pursuant to, and in conformity with the details, specifications, agreements and contract between plaintiff and defendants," it will be presumed, in support of the judgment, that the variation

in the size was negligible, and that the articles as manufactured were in substantial compliance with the contract.

[2] Id.—Prevention of Performance—Notification to Cease Work —Satisfaction of Architect and Owner—Pleading.—The plaintiff in his complaint in such action having alleged, and the court found, that he was prevented from fully performing his contract by reason of notification being given him by defendants to cease work thereunder, that he did so cease work after communicating his protest to defendants, and that he had performed all conditions demanded by the specifications affecting the work, up to the point where he was stopped, it was not necessary that he further allege that the work was done to the satisfaction of the architect and owner, as one term of the contract provided.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. H. Allen for Appellants.

E. V. Rosenkranz for Respondent.

JAMES, J.—Defendants have appealed from a judgment entered in favor of plaintiff. The action was to recover the value of materials used and a profit which would have accrued to plaintiff had he ·been permitted to complete performance under a contract made with defendants whereunder plaintiff was to construct and install certain windows and metal sash. The findings were in favor of plaintiff upon all issues tendered by his complaint. Defendants in their answer, among other matters, asserted that the windows and sash were not as contracted for. It is their claim that the findings of the court sustain their contention as to this issue, and that the judgment, therefore, is not supported by the facts found. [1] The appeal is presented upon the judgment-roll alone, under which we must assume that there was ample evidence to warrant the findings as made. The finding involved in the particular contention of appellants is as follows: "5. That said windows in part were larger in size than provided in said contract; that said change was made at the request of defendants; that said labor and material furnished and said windows and casements were and are workmanlike and pur-

suant to, and in conformity with the details, specifications, agreements, and contract between plaintiff and defendants."

When counsel for appellants argues that the findings show such a change of the contractual terms as to make a new contract which would be void unless expressed in writing, he leaves out of account the settled rule as to the presumptions which attend a trial court's findings where the evidence is not brought up. Notwithstanding that the findings are that the windows were in part larger than provided in the contract, in view of the further finding that they "were and are workmanlike and pursuant to, and in conformity with the details, specifications, agreements, and contract between plaintiff and defendants," it will be presumed that the variation in the size was negligible, and that the articles as manufactured were in substantial compliance with the contract.

[2] Plaintiff alleged in his complaint, and the court found, that he was prevented from fully performing his contract by reason of notification being given him by defendants to cease work thereunder, and that he did so cease work after communicating his protest to defendants. He alleged performance of all conditions demanded by the specifications affecting the work, up to the point where he was stopped. Under such a state of facts it was not necessary that he further allege that the work was done to the satisfaction of the architect and owner, as one term of the contract provided.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 31, 1921.

All the Justices concurred, except Lennon, J., who was absent.